IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOANIE E. MARTINEZ                                                                           PLAINTIFF

V.                                       CASE NO. 2:24-CV-2064

LOUIS DEJOY, POSTMASTER GENERAL                                          DEFENDANT

## ORDER

Before the Court is Defendant Postmaster General Louis DeJoy's Motion to Dismiss (Doc. 16) and Brief in Support (Doc. 17). *Pro se* Plaintiff Joanie E. Martinez did not file a response in opposition to the Motion; however, on January 7, 2025, both Ms. Martinez and an attorney representing Postmaster General DeJoy appeared for a hearing in open court. At that time, the Court entertained Ms. Martinez's oral response to the Motion and then ruled from the bench, **GRANTING** the Motion for the reasons discussed below.

Ms. Martinez alleges in her Amended Complaint that she was "subjected to discrimination and/or harassment based on sex, age, and reprisal." (Doc. 7, p. 5). However, she fails to state any facts to support a claim for harassment or hostile work environment. Her only allegation is that she was denied or passed over for a promotion at work because she is a woman and over the age of forty.[1] Postmaster General DeJoy asks the Court to dismiss the harassment claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Ms. Martinez failed to exhaust the harassment claim before the EEOC, as she was required to do under Title VII and the Age Discrimination in Employment Act ("ADEA") before bringing the claim in federal court.

---

[1] The Amended Complaint is also devoid of facts concerning reprisal/retaliation, but Postmaster DeJoy does not request dismissal of this claim and the Court is not inclined to dismiss it *sua sponte*.

1

First, Postmaster General DeJoy is correct that federal employees must exhaust their administrative remedies in accordance with 29 C.F.R. § 1614.105(a)(1) before bringing any employment-based discrimination claims in federal court. Ms. Martinez was required to initiate contact with an EEO counselor within 45 days of the date of any allegedly discriminatory act, including harassment. *Id.*

Second, though Ms. Martinez's *pro se* Amended Complaint contains very few facts, she attaches to her pleading the EEOC's opinion and right-to-sue letter (Doc. 1-1). It is clear from a review of the EEOC's findings that Ms. Martinez brought only disparate treatment and retaliation claims based on age and sex before the EEOC. She did not bring harassment or hostile work environment claims. Therefore, such claims were not exhausted at the administrative level.

Third, the Court finds that Ms. Martinez was obligated to raise and exhaust any harassment or hostile work environment claims before raising them in this forum. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (finding that claims of discrimination and retaliation, though factually related, are nonetheless separate charges that must be exhausted); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 672–73 (8th Cir. 1994) (holding that raising a discrimination claim in the EEOC charge did not exhaust a separate claim for harassment). "Permitting claims to be brought in court which are outside the scope of the EEOC charge would circumscribe the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge." *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006). Furthermore, the Court must "liberally construe an administrative charge for exhaustion of remedies purposes," but "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir.

2005) (internal quotation marks omitted). Here, the EEOC record attached to the complaint proves that Ms. Martinez did not raise and exhaust a harassment claim.

Postmaster General DeJoy asks the Court to dismiss this claim under Rule 12(b)(1) because he believes the Court lacks subject matter jurisdiction over any unexhausted claim. The Supreme Court has ruled otherwise. In a unanimous opinion, the Court held in *Fort Bend County v. Davis* that Title VII's "charge-filing requirement" with the EEOC is not jurisdictional. 587 U.S. 541, 551 (2019). Rather, "submit[ting] information to the EEOC and . . . wait[ing] a specified period before commencing a civil action" is only "a processing rule, albeit a mandatory one," and does not "refer in any way to the jurisdiction of the district courts." *Id.* The Court therefore has federal-question subject matter jurisdiction over all of Ms. Martinez's employment-based claims here—even her unexhausted ones.

Instead of Rule 12(b)(1), the Court will analyze the Motion to Dismiss through the "prism of Rule 12(b)(6)." *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011). Since both Title VII and the ADEA require exhaustion as a prerequisite to bringing suit, the failure to fulfill this prerequisite means unexhausted claims lack facial plausibility. *See Richter*, 686 F.3d at 853 (finding that Title VII claims require exhaustion); *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) (finding that ADEA claims require exhaustion).[2]

---

[2] The Court pauses to observe here that the EEOC's opinion and right-to-sue letter (Doc 1-1) may be considered on a Rule 12(b)(6) standard without the need to convert the motion to one for summary judgment. Ms. Martinez attached the EEOC document to her original complaint, and it is embraced by the operative pleading. *See Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 921 (8th Cir. 2001) ("[A] court ruling on a motion to dismiss under Rule 12(b)(6) may consider materials attached to the complaint."); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (court may consider under Rule 12(b)(6) materials that are public records, do not contradict the complaint, or are "necessarily embraced by the pleadings").

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 16) is **GRANTED IN PART AND DENIED IN PART** in that Ms. Martinez's harassment/hostile work environment claims are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6).

**IT IS SO ORDERED** on this 7th day of January, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE